IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| WILLIE L. DUNSON,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No. C14-2018<br><br>ORDER FOR REMAND |

This matter comes before the Court on the Unresisted Motion to Reverse and Remand and for Entry of Final Judgment (docket number 16) filed by the Commissioner on October 13, 2014.

On September 22, 2010, Plaintiff Willie L. Dunson filed an application for Title XVI supplemental security income benefits. Following an administrative hearing, on November 2, 2012, the ALJ denied Dunson's claim. Dunson appealed the decision. On February 24, 2014, the Appeals Council denied Dunson's request for review. Consequently, the ALJ's November 2, 2012 decision was adopted as the Commissioner's final decision.

On April 24, 2014, Dunson timely filed a Complaint seeking judicial review of the ALJ's decision.[1] The Commissioner filed an Answer on July 7, 2014. On August 7, 2014, Dunson filed his brief. On October 13, 2014, the Commissioner filed the instant motion to remand. Dunson does not oppose the Commissioner's motion to remand.

In her brief on the motion to remand, the Commissioner asserts that:

---

[1] On June 18, 2014, both parties consented to proceed before the undersigned in this matter pursuant to the provisions set forth in 28 U.S.C. § 636(c).

> After careful review of the above-captioned case, agency counsel requested that the Appeals Council reconsider the Commissioner's decision. Upon review, the Appeals Council determined that remand was appropriate for further consideration of plaintiff's claim. Plaintiff, through counsel, agreed that remand was appropriate.

Memorandum in Support of Defendant's Unopposed Motion to Reverse and Remand and for Entry of Final Judgment (docket number 17) at 2. Thus, the Commissioner states that "[u]pon receipt of the Court's remand order, the Appeals Council will vacate the ALJ's decision and remand this case to an ALJ."[2] On remand, the Appeals Council will instruct the ALJ to: (1) Consider the special profile found in 20 C.F.R. § 416.962(b) pursuant to SSR 82-63, and specifically consider whether the plaintiff's past relevant work will "enhance present work capability"; and (2) obtain supplemental vocational expert testimony, if necessary.

Pursuant to 42 U.S.C. § 405(g):

> The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

*Id.* Because the parties request a remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court must conduct a plenary review of the record and provide a substantive ruling regarding the case. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). The Court has reviewed the record in this matter and finds that the motion should be granted. Accordingly, the Court finds that this matter should be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) with directions to the Appeals Council to vacate the ALJ's decision and remand this case to an ALJ with instructions to reconsider Dunson's claim as discussed herein.

---

[2] Memorandum in Support of Defendant's Unopposed Motion to Reverse and Remand and for Entry of Final Judgment (docket number 17) at 2.

2

## ORDER

**IT IS THEREFORE ORDERED** as follows:

1. The Unresisted Motion to Reverse and Remand and for Entry of Final Judgment (docket number 16) filed by the Commissioner is hereby **GRANTED**.

2. This case is hereby **REVERSED** and **REMANDED** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings as discussed herein.

DATED this 14th day of October, 2014.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA